## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**HOLLY M. COOPER,**                                        CASE NO. 3:22 CV 1248

      Plaintiff,

      v.                                                        JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.                                        **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Holly M. Cooper seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Clay recommends this Court reverse and remand the Commissioner's final decision to address two specific errors. (Doc. 11). The Commissioner filed objections to the R&R (Doc. 12), and Plaintiff filed a response thereto (Doc. 13). For the reasons set forth below, the Court overrules the Commissioner's objections, adopts the R&R, and reverses and remands this matter for further proceedings.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security in July 2019, alleging a disability onset date of July 16, 2015. *See* Tr. 13. Her claims were denied initially and upon reconsideration. *See id.* Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on May 28, 2021. (Tr. 39-60). On June 8, 2021, the ALJ found Plaintiff not disabled in a written decision. (Tr. 13-32). The

Appeals Council denied Plaintiff's request for review, making the hearing decision the final

decision of the Commissioner. (Tr. 1-3). Plaintiff timely filed the instant action on July 15, 2022.

(Doc. 1).

Plaintiff originally raised two multi-part objections to the ALJ's decision. She argued the

ALJ erred in analyzing Plaintiff's headaches and fibromyalgia and erred in not including

limitations set forth in various medical opinions. (Doc. 8).

In his R&R, Judge Clay concluded the ALJ did not reversibly err in his evaluation of

Plaintiff's headaches and did not reversibly err in finding Plaintiff's fibromyalgia non-severe or

finding that it did not meet a listing at Step Three. (Doc. 11, at 18-26). He also concluded, however,

that the ALJ failed to properly explain his consideration of Plaintiff's fibromyalgia with respect to

the ultimate RFC determination. *Id.* at 26-29. Next, Judge Clay concluded the ALJ did not err in

his evaluation of the medical opinion evidence from physical therapist Hamlin or Dr. Johnson, but

found the ALJ failed to logically explain why Nurse Practitioner Case's opinion was discounted.

*Id.* at 29-37. Judge Clay therefore recommends the Court reverse and remand the Commissioner's

decision for further proceedings to address the two cited errors. *See* Doc. 11.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R],
> any party may serve and file written objections to such proposed findings and
> recommendations as provided by rules of court. A judge of the court shall make a
> de novo determination of those portions of the report or specified proposed findings
> or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a

determination that the Commissioner has failed to apply the correct legal standards or has made

2

findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

DISCUSSION[1]

The Commissioner objects to the R&R. She contends the R&R holds the ALJ to a higher articulation standard than the Social Security Act requires and that the ALJ's decision – read as a whole – provides an accurate and logical bridge between the evidence and the findings such that a reviewing court can understand its reasoning. (Doc. 12). On *de novo* review, the Court agrees with the analysis in the R&R and reverses and remands this matter for further proceedings.

Nurse Practitioner Case's Opinion

The R&R recommends the Court find the ALJ failed to adequately explain his discounting of Nurse Practitioner Cassandra Case's opinion.

In her opinion, NP Case listed Plaintiff's diagnoses as chronic pain syndrome, fibromyalgia, chronic fatigue, weakness, intractable migraines, obsessive compulsive disorder, generalized anxiety, severe major depression, social anxiety, and tremors. (Tr. 1088). NP Case listed Plaintiff's symptoms as including "[f]atigue, muscle weakness, headache, lightheadedness,

---

1. Neither party objects Judge Clay's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Clay.

chronic pain 7-8/10, nausea, drowsy, anxious." (Tr. 1088). Although much of her "physical medical source statement" refers to the functional capacity evaluation by physical therapist Hamlin (Tr. 1090-92), on the final page, NP Case opines Plaintiff's impairments are likely to produce "good days" and "bad days"; Plaintiff would miss more than four days of work per month based on her impairments and treatments; and Plaintiff's impairments ("physical impairments plus any emotional impairments") are reasonably consistent with the symptoms and functional limitations described in the evaluation. (Tr. 1094).

> As to this opinion, the ALJ opined:

> The claimant's nurse practitioner adopted the functional capacity evaluation, and stated an opinion that based on the functional capacity test, that the claimant would be absent more than four days per month and that she would have good days and bad days and that the claimant's physical and emotional impairments were reasonably consistent with the functional capacity test due to diagnoses of generalized anxiety, social anxiety, and obsessive compulsive disorder (32F)[2]. The undersigned finds that this is not fully persuasive as it is inconsistent with and not supported by the claimant's treatment notes that she was advised to do thirty minutes of aerobic exercise (2F, 30F, 7F). It is further inconsistent with her treatment notes that she was doing well on her medications, had no more hallucinations, was well kempt and able to care for her animals, and visit with her fiancé monthly, plan a wedding and she was appropriately attired with no acute distress, and she had normal attention and logical thoughts and was cooperative and she had neat appearances during treatment and was well groomed (25F, 4F). At her neurological examination, she was well-kempt and had normal muscle bulk, tone, and strength and therefore is inconsistent with and not supported by that she reported her medication was working very well and her migraines were well controlled and her tremors were doing very well (23F).

(Tr. 28).

---

2. The Court notes that although the ALJ stated NP Case opined "that the claimant's physical and emotional impairments were reasonably consistent with the functional capacity test due to diagnoses of generalized anxiety, social anxiety, and obsessive compulsive disorder" (Tr. 28), NP Case's actual opinion lists more diagnoses than this, including fibromyalgia (*see* Tr. 1088), and offers the specific diagnoses of "generalized anxiety, obsessive compulsive disorder [and] social anxiety" in response to a question stating: "Please describe any other limitations . . . that would affect your patient's ability to work at a regular job on a sustained basis." (Tr. 1094). That is, NP Case did not solely base her limitations on generalized anxiety, social anxiety, and obsessive compulsive disorder as the beginning of this analysis seems to imply.

The Commissioner contends the ALJ "provided sufficient explanation for discounting the opinion of NP Case, including by discounting the physical therapy opinion upon which NP Case's opinion was predicated", pointing out that the R&R found no error in the evaluation/partial discounting of the physical therapy opinion. (Doc. 12, at 5). That the ALJ may have provided proper explanation for discounting the physical limitations portion of the opinion is true, as far as it goes. But it does not address the core problem. The ALJ noted in part that the physical therapist was "not an acceptable medical source to opine as to the claimant's psychological ailments" and noted he could not opine as to Plaintiff's limitations therefrom. (Tr. 27). But NP Case was qualified to do so and offered an opinion regarding Plaintiff's physical and psychological conditions in combination.

As Judge Clay pointed out, "a district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" (Doc. 11, at 34) (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (internal quotation omitted)). The Court agrees with the R&R's analysis that the ALJ's explanation for partially discounting NP Case's opinion is "at best, confusing" (Doc. 11, at 34) and does not connect the cited evidence to the opinion it purports to be discounting (*see id.* at 34-35).

With respect to the Commissioner's argument that reversing on this basis would hold the ALJ to a higher articulation standard than the Act requires, the Court disagrees. "[T]he Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, 2019 WL 4509130, at *2 (W.D. Mich.). "[T]he ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011). Here,

the Court cannot trace the path of the ALJ's reasoning for partially discounting the persuasiveness of NP Case's opinion, and remand is required.

Fibromyalgia

The R&R also recommends remand because the ALJ failed to explain how he considered Plaintiff's fibromyalgia in formulating the RFC. The Commissioner objects, contending "[t]he ALJ determined the RFC based upon his analysis of Plaintiff's subjective complaints in light of countervailing medical, non-medical, and medical opinion evidence, and his rationale is reasonably understandable on review." (Doc. 12, at 5).

The Sixth Circuit has "recognized on more than one occasion . . . that fibromyalgia patients generally 'present no objectively alarming signs.'" *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 861 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243). "Rather, fibromyalgia patients . . . typically 'manifest normal strength and neurological reactions and have a full range of motion.'" *Id.* (quoting *Preston v. Sec'y of Health & Hum. Servs.*, 854 F.2d 815, 820 (6th Cir. 1988)). Accordingly, the Sixth Circuit has remanded an ALJ's decision for further consideration when the ALJ's "entire rationale for discounting the opinions of [physicians who treated a plaintiff for fibromyalgia]" was that there were no supporting objective findings in the record and the physicians' opinions otherwise "appear[ed] to be based entirely on the claimant's subjective complaints." *Id.* Thus, cases involving fibromyalgia "place[ ] a premium . . . on the assessment of the claimant's [subjective symptoms]." *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 990 (N.D. Ohio 2003).

This case does not present quite the same issues as others involving fibromyalgia that sometimes require remand, e.g., where the ALJ discounts a claimant's subjective symptoms entirely based on objective evidence, or where an ALJ entirely fails to consider fibromyalgia.

6

However – although the Court finds this to be a closer call – because remand is already required for reconsideration of NP Case's opinion, and that opinion is based in part on Plaintiff's fibromyalgia, the Court finds it appropriate for the ALJ to further explain his evaluation of Plaintiff's fibromyalgia symptoms on remand as well. This is not to say the Plaintiff is necessarily disabled, as the Court recognizes that "a diagnosis of fibromyalgia does not equate to a finding of disability or an entitlement to benefits." *Stankoski v. Astrue*, 532 F. App'x 614, 619 (6th Cir. 2013). However, the Court agrees with the analysis in the R&R that although the ALJ considered fibromyalgia-related evidence, it is not entirely clear how or if the ALJ determined Plaintiff's fibromyalgia-related symptoms required no additional limitations, were discounted for inconsistency with other evidence of record, or if he simply failed to consider them as such. *Cf., e.g., Walker v. Colvin*, 2015 WL 13217098, at *8 (N.D. Ohio) ("Here, the ALJ discussed evidence related to Plaintiff's fibromyalgia at Step Two of the sequential evaluation. This discussion, however, is essentially a longitudinal recitation of Plaintiff's medical history without any evaluation of the evidence or any discussion of what impact, if any, Plaintiff's fibromyalgia has on the RFC. . . . The ALJ's failure to conduct such an evaluation and analysis of the evidence frustrates judicial review and necessitates remand.").

CONCLUSION

For the foregoing reasons, the Commissioner's objections are OVERRULED, Judge Clay's R&R (Doc. 11) is ADOPTED as the order of this Court, and the Commissioner's decision is REVERSED and REMANDED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

7